**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>M&T BANK CORPORATION,<br><br>　　　　　　Defendant. | No. 7:17-cv-05077-KMK-LMS |

**[░░░░░░░] ORDER REGARDING CONFIDENTIAL INFORMATION**

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") and defendant M&T Bank Corporation ("M&T Bank") (jointly, the "Parties") respectfully request entry of the following Order pursuant to Federal Rule of Civil Procedure 26(c):

1.　　The following categories of information produced by a party in discovery may be designated and treated as confidential in this litigation:

　　　　a.　　Social security and taxpayer-identification numbers;

　　　　b.　　Financial account numbers;

　　　　c.　　Credit card numbers;

　　　　d.　　Mother's maiden name;

　　　　e.　　Passwords;

　　　　f.　　Driver's license numbers or state identification numbers;

　　　　g.　　Dates of birth;

　　　　h.　　Home address and personal telephone numbers;

　　　　i.　　Names of minor children;

j. Medical, health care, and mental health records and information concerning any individual;

k. Tax forms;

l. Immigration status;

m. Information that reveals trade secrets as defined by the Uniform Trade Secrets Act § 1(4) (1985);

n. Documents contained in personnel files of a sensitive and/or confidential nature such as medical information, tax information, or benefits selection information; and

o. Information constituting or containing sensitive financial, trade secret, or other confidential research, development, or commercial information of Defendant that would be subject to protection under Fed. R. Civ. P. 26(c)(1)(G).

Documents that are available to the public may not be designated as Confidential Information.

2. A party producing discovery that contains information described in paragraph 1 that the party believes, in good faith, should be treated as confidential in this litigation, may designate information contained within the discovery as confidential as follows:

a. Documents and tangible items: a party producing documents or tangible items in discovery containing information that the party wants to be treated as confidential must place a legend stating "confidential" on each page or item that contains information that the party wants to be treated as confidential, and, upon request, shall provide a letter to the attorney for the other party specifying what information in the document it wants to be treated as confidential and specifying one or more of the bases enumerated in paragraph 1 for confidential treatment;

b. Deposition testimony: a party that wants to treat a portion of deposition testimony as confidential must do so by stating on the record at the deposition that it wants to do so and by specifically identifying those portions of the testimony that it wants to be treated as confidential or must, within 10 days after receiving the transcript of the deposition, send a letter to the attorney for the other party specifying those portions of the deposition testimony that it wants to be treated as confidential, and must

          specify one or more of the bases enumerated in paragraph 1 for confidential treatment; and

    c.    Only the specific information identified as "confidential" will be treated as confidential, and the rest of the information in a document, tangible item or deposition testimony will not be treated as confidential.

3. The party who receives information designated as confidential under paragraphs 1 and 2 may, at any time, notify the party who requested the confidential treatment that it objects to the confidentiality designation. The objection must be in writing or stated on the record. The Parties will make good faith efforts to resolve any objection. The information designated as confidential will retain its status as confidential and will be treated as confidential for 10 days after the objection to permit the party seeking confidential status to bring a motion for a protective order. On any such motion, the party seeking confidential treatment will have the burden of establishing that the information is entitled to confidential treatment under applicable law. If such motion is brought, the information will be treated as confidential until such time as the issue is resolved by the Court. If the party who requested the confidential treatment does not file a motion for a protective order within 10 days after a party has objected to the confidential designation, the information will not be treated as confidential.

4. Information that has been designated as confidential under this Order must be treated as confidential by the Parties and used only for the purposes of this litigation, except as provided herein in paragraph 6. Information that has been designated as confidential under this Order may only be disclosed by the Parties receiving the information to:

    a.    Attorneys for the Parties and their agents and employees, including legal, secretarial, intern, paralegal, clerical, supervisory, support, and other staff;

    b.    The Parties, including officers or managers of a Party who have a need to know the information for purposes of this litigation;

    c.    EEOC claimants who have a need to know the information for purposes of this litigation, with an understanding that such information will not be retained by the claimant and, if the information is medical, health care, and/or mental health records and information concerning any individual other than herself or himself, only after she or he signs an acknowledgement confirming that she or he will abide by this Order;

    d.    Expert (testifying and consulting) witnesses;

    e.    The Court and Court personnel;

    f.    Court reporters and videographers involved in recording depositions and proceedings in this litigation;

    g.    The author or recipient of the Document (not including a person who received the document in the course of this litigation);

    h.    Witnesses identified by any Party to the litigation; and

    i.    Any other individual a Party believes necessary to review such information to assist the Party in its presentation or defense of claims in the litigation.

5.    A Party who has designated information as confidential under this Order may not use that designation as a reason for refusing to produce any information, documents, tangible items or testimony in this or in any other matter, including civil or criminal litigation, arbitration, administrative proceedings, or government investigation, regardless of whether such information, documents, tangible items or testimony is sought pursuant to a discovery request, subpoena, request for information, or otherwise.

6.    EEOC may use any information designated confidential in furtherance of its enforcement activities in any other matter in which the Party designating such information as confidential has been named as a Party, but must treat such information as confidential until such time as the confidential treatment is withdrawn either by agreement of the Parties or by court order, or as otherwise provided herein.

7. This Order is binding on all individuals to whom confidential information is disclosed under this Order, and all individuals who receive confidential information under this Order must agree to be bound by this Order. Counsel for each Party has the responsibility to disclose confidential information only to people authorized to receive confidential material under this Order, to disclose the terms of this Order to people who receive confidential information under this Order, to obtain their agreement to be bound by the terms of this Order, and to notify them that anyone who violates the provisions of this Order is subject to the contempt powers of this Court.

8. The Parties will comply with Federal Rule of Civil Procedure 5.2 and the Court's local and individual rules governing privacy protections for filings made with the Court. This Order does not alter the provisions of Federal Rule of Civil Procedure 5.2. If a Party seeks to file with the Court any information that has been designated as confidential under this Order that is not subject to redaction under Federal Rule of Civil Procedure 5.2, it will give the other Parties reasonable notice of its intention to file the information with the Court to enable a Party to seek a protective order.

9. Nothing in this Order shall be construed to limit the use of any document, material, or information in the course of these proceedings in connection with any deposition, motion, hearing, trial, or appeal.

10. At the conclusion of the litigation, information designated as Confidential will be subject to the following treatment:

    a. Within ninety (90) days after dismissal or entry of final judgment not subject to further appeal, all Confidential information produced in discovery shall be returned to the producing Party or destroyed by the receiving Party and certified as such, except where it has been offered into evidence or filed without restriction as to disclosure.

    b.    Notwithstanding subsection (a) of this paragraph, counsel for the Parties may retain (1) attorney work product, including an index that refers or relates to designated Confidential information, (2) expert reports generated during the course of the litigation, (3) deposition transcripts and exhibits, and (4) a complete set of all documents filed with the Court including those filed under seal, provided that all such confidential information remains subject to protection under this Order.

    c.    The EEOC is further authorized to retain confidential information to the extent required by law (including without limitation the Federal Records Act and regulations issued by the National Archives and Records Administration, 44 U.S.C. Chapter 33), provided that any such confidential information remains subject to protection under this Order.

11.    This Order is subject to modification at any time by written agreement of all Parties to this lawsuit or upon Court Order. Any person may seek an Order to modify or vacate this Order.

**STIPULATED TO:**

_/s/ Liane D. Rice_
Liane Tai Rice

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004
(212) 336-3690 (telephone)
(212) 336-3623 (fax)
liane.rice@eeoc.gov
*Attorneys for Plaintiff EEOC*

_/s/ Tyree P. Jones, Jr._
Tyree P. Jones, Jr.

REED SMITH LLP

1301 K Street NW
Suite 1100 – East Tower
Washington, D.C. 20005
(202) 414-9200 (telephone)
(202) 414-9299 (fax)
TPJones@ReedSmith.com
*Attorneys for Defendant M&T Bank Corp.*

**SO ORDERED:**

DATED: 4/11/2018
White Plains, New York

_/s/ Lisa Margaret Smith_
LISA M. SMITH
UNITED STATES MAGISTRATE JUDGE

*This Order is subject to Standing Order M-10-468 dated 10/5/2001. Copy Attached.*

-6-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
IN THE MATTER OF RETENTION OF        :
SEALED DOCUMENTS IN CIVIL CASES      :   STANDING ORDER
                                     :   M-10-468
                                     :
------------------------------------X

MICHAEL B. MUKASEY, CHIEF JUDGE:

    Any protective order in any civil case that provides for the filing of information under seal shall include the following provision:

> "Sealed records which have been filed with the clerk shall be removed by the party submitting them (1) within ninety (90) days after a final decision is rendered if no appeal is taken, or (2) if an appeal is taken, within thirty (30) days after final disposition of the appeal. Parties failing to comply with this order shall be notified by the clerk that, should they fail to remove the sealed records within thirty (30) days, the clerk may dispose of them."

    This order will be self-executing, in that the Clerk will treat all protective orders that direct the sealing of documents in civil cases as if they contain the above provision.

SO ORDERED:

Dated: New York, New York
       October 5, 2001

Michael B. Mukasey,
U.S. District Judge

TOTAL P.01