IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 7:17-cv-05077-KMK |
| WILMINGTON TRUST CORPORATION, ) ) | |
| Defendant. ) ) | |

## CONSENT DECREE

### I. INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") filed this action, docketed at No. 7:17-cv-05077-KMK in the United States District Court For The Southern District of New York, alleging that Defendant Wilmington Trust Corporation ("Wilmington Trust" or "Defendant") is liable as a successor corporation for certain violations of Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), committed by Hudson City Savings Bank ("HCSB"), prior to HCSB's merger into Defendant effective November 1, 2015 (the "Action"). Specifically, the EEOC alleged that HCSB denied qualified individuals with disabilities reasonable accommodations, and that HCSB placed qualified individuals with disabilities on involuntary leave and/or discharged them because of disability. Defendant denies that it engaged in any of the alleged activities of HCSB following its acquisition of HCSB on November 1, 2015.

The EEOC and Wilmington Trust have agreed that this Action should be resolved by entry of this Consent Decree ("Decree"), and therefore do hereby stipulate and consent to the entry of this Decree as final and binding on the parties, including Wilmington Trust's successors, assigns, subsidiaries, and any other entity with which Wilmington Trust may merge or consolidate. The Parties have agreed to enter into this Decree without findings of fact and conclusions of law having been made and entered by the Court and wish to resolve, finally and completely, and with prejudice, this Action and to avoid the further expense, disruption and uncertainty of litigation, all without admitting liability.

In consideration of the mutual promises and agreements contained in this Decree, the sufficiency of which is hereby acknowledged and which the Court finds appropriate, it is therefore ORDERED, ADJUDGED AND DECREED that:

## II. GENERAL PROVISIONS

1. All provisions of this Decree are effective immediately upon the date of entry of the Decree by the Court (the "Effective Date"), and all provisions of this Decree will remain in effect from the Effective Date for a period of two (2) years following that date (the "Term"). EEOC may petition the Court to release Defendant from the obligations of the decree after eighteen (18) months if EEOC determines, in its sole discretion, that Defendant's level of compliance warrants such early release.

2. This Decree is final and binding on the parties and resolves all claims asserted by the Complaint in this Action and the underlying EEOC Charge No. 520-2015-00342.

3. This Decree does not resolve any other charge of discrimination pending before the EEOC or any charge that may be filed in the future.

4. This Decree does not resolve any claims in other pending litigations.

5. Prior to any sale or other transfer of all or a substantial portion of Wilmington Trust's business or Wilmington Trust's assets within the two-year period identified in Paragraph "1" above, it shall provide written notice of this lawsuit and a copy of the Complaint and this Decree to any potential purchaser, potential transferee, or other potential successor, including any entity with which Defendant may merge or consolidate. Defendant will provide written notice to the EEOC thirty (30) days before any such sale or transfer of all or a substantial portion of its business or assets within the two-year period identified in Paragraph "1" above.

6. The Parties agree and the Court finds that this Court has jurisdiction of the subject matter of this action and of the parties, that venue is proper, and that all administrative prerequisites have been met. Neither of the Parties shall contest the validity of this Decree or the jurisdiction of the federal district court to enforce this Decree and its terms.

7. If one or more provisions of this Decree are rendered unlawful or unenforceable as a result of a legislative act or a decision by a court of competent jurisdiction, the following will apply to ensure that this Decree continues to effectuate the intent of the Parties. The provisions of this Decree which are not rendered unlawful, unenforceable, or incapable of performance as a result of such legislative act or court decision will remain in full force and effect and the Parties' responsibilities will not abate as to any and all provisions that have not been rendered unlawful or unenforceable, except to the extent that the intent of this Decree would be undermined.

8. Whenever Wilmington Trust is required to send notices, documents, reports, forms, or other materials to the EEOC pursuant to this Decree, Wilmington Trust shall send such matters by electronic mail to "Consent Decree Monitor" at decreemonitor.nydo@eeoc.gov.

9. A breach of any term of this Decree by Wilmington Trust will be deemed a material and substantive breach of this Decree. Nothing in this Decree will be construed to preclude the EEOC from bringing proceedings to enforce this Decree if Wilmington Trust fails to perform any of the terms contained herein. This Decree will be construed by this Court under applicable federal law.

10. Each signatory to this Decree represents that she/he is fully authorized to execute this Decree and to bind the Parties on whose behalf she/he signs.

### III. MONETARY RELIEF

11. Within fourteen (14) calendar days of the Effective Date of the Consent Decree, Defendant shall pay monetary relief in the total amount of $700,000 to the Claimants. For purposes of this Decree, "Claimants" refers to certain aggrieved employees of Defendant (or its predecessors) who were denied reasonable accommodations for their disabilities, and/or were placed on involuntary leave and/or were discharged because of disability, from December 2013 and continuing until November 2015.

    a. EEOC shall distribute the monetary relief as back pay damages and/or compensatory damages to Claimants, in amounts to be determined within EEOC's sole discretion. Within seven (7) calendar days of the Effective Date of the Consent Decree, EEOC will provide Defendant with a document in the form of Exhibit A, to be filed under seal, setting forth the names of the Claimants, their current addresses, and the allocations of their awards as backpay and/or compensatory damages.

    b. EEOC shall be solely responsible for the designation of each Claimant's distribution as backpay or compensatory damages.

    c. Defendant shall send checks to the Claimants via Certified Mail, in the amounts identified in Exhibit A, to the addresses identified in Exhibit A.

    d. Defendant will make all applicable withholdings from the backpay payments for federal, state, and local income taxes, and for employee Social Security taxes pursuant to the Federal Insurance Contribution Act ("FICA"), using the latest W-4 Defendant has on file for each such person. Defendant will be responsible for paying its employer share of any costs, taxes, or Social Security required by law to be paid by the employer.

   e. Defendant will issue an IRS Form W2 in connection with each backpay payment and will issue withholdings statements detailing all withholdings made at the time the checks are issued.

   f. Defendant will issue an IRS Form 1099 in connection with all compensatory damage payment amounts, using the latest W9 form Defendant has on file for each such person.

   g. Upon issuing each of these payments, W2 forms and 1099 forms, Defendant shall provide certification thereof to the EEOC and include with the certification the Certified Mail tracking number and copies of both checks and IRS forms.

## IV. INJUNCTIVE RELIEF AND ACKNOWLEDGEMENTS

  12. Wilmington Trust acknowledges and agrees that Wilmington Trust will not enact, maintain, or implement any policy or procedure or engage in any practice or conduct that, in violation of the ADA, requires employees to work with "no restrictions" or otherwise denies employees an interactive process to determine reasonable accommodations for disabilities, such as those policies and procedures alleged to have been in place at HCSB prior to its acquisition by Wilmington Trust in November 2015.

  13. Wilmington Trust acknowledges and agrees that Wilmington Trust will not engage in retaliation of any kind against any person because such person requested accommodation of a disability under the ADA or was a possible witness and/or Aggrieved Individual in connection with this matter and/or asserted any rights under this Decree.

  14. Wilmington Trust maintains and will continue to maintain a disability discrimination policy (the "Policy") that clearly defines prohibited conduct and specifically prohibits disability discrimination against all employees and applicants for employment.

  15. Within fourteen (14) days of the Effective Date of the Decree, Wilmington Trust will explicitly advise all legacy HCSB employees currently employed by Wilmington Trust that HCSB's policies or practices relating to requests for workplace accommodations and disability leave are no longer in effect, by stating the following: "HCSB's policies no longer apply. As of November 1, 2015, Wilmington Trust's Policy applies to all requests for workplace accommodations and to any type of disability leave requested," in an internal communiqué with a link to the Policy.

  16. Wilmington Trust's Policy also is and shall be referenced in all relevant employee handbooks, management guidance, and training materials. A copy of the Policy shall be

accessible via a conspicuous link on Wilmington Trust's internal website. The Policy will not include the communiqué referenced in Paragraph 16 above.

17. Within sixty (60) days of the Effective Date, Wilmington Trust shall send the EEOC a certification that the communiqué and link to the Policy referenced in Paragraph 16 have been distributed to all legacy HCSB employees currently employed by Wilmington Trust.

## V. TRAINING

18. To further ensure that legacy HCSB employees currently employed by Wilmington Trust are aware that HCSB's disability discrimination and accommodation policies do not apply to their employment with Wilmington Trust, Wilmington Trust will:

    a. Within forty-five (45) days of the Effective Date, provide one (1) hour of training to all legacy HCSB employees currently employed by Wilmington Trust on the statutes enforced by the EEOC, with particular emphasis on the ADA, its requirement of reasonable accommodation, and the Policy;

    b. Within forty-five (45) days of the Effective Date, provide one (1) hour of separate training to the legacy HCSB employee currently employed by Wilmington Trust and working in Employee Relations, on the statutes enforced by the EEOC, with particular emphasis on the ADA, its requirement of reasonable accommodation, and the Policy;

    c. Provide the training described in subsections (a) and (b) above using an agenda, and materials reviewed and approved by EEOC in advance of the Effective Date.

19. Within sixty (60) days of the Effective Date, Wilmington Trust shall send the EEOC a certification that the training has been held in accordance with this section.

## VI. NOTICE AND POSTINGS

20. Wilmington Trust acknowledges that within five (5) days of the Effective Date, it will post posters required to be displayed in the workplace by Commission Regulations, 29 C.F.R. § 1601.30, in all places where notices to employees customarily are posted.

21. Within fourteen (14) days of the Effective Date, Defendant shall post on bulletin boards in all former HCSB branch locations, where other required postings currently exist at these Wilmington Trust branches, the Notice of the Consent Decree, attached hereto as Exhibit B (the "Notice"). This Exhibit shall be posted and maintained for the Term of the Decree and shall be signed by an authorized representative of Defendant with the date of actual posting shown thereon. Defendant shall ensure that the postings are not altered, defaced or covered by any other material.

22. Within thirty (30) days of the Effective Date, Wilmington Trust shall send the EEOC a certification that the Notice has been posted in accordance with this section.

## VII. RECORD-KEEPING AND REPORTING

23. Wilmington Trust shall maintain the following records:

   a. All employee handbooks, management guidance, and training materials related to statutes enforced by the EEOC in effect at any time during the Term of the Decree, clearly identified by the effective date and date of rescission, where applicable, and any acknowledgment forms for these materials.

   b. Attendance records for all trainings required by this Decree, reflecting, at a minimum, the date, duration, and subject matter of each training, and the name and title of each attendee.

   c. Defendant's records of requests by a job applicant or employee for accommodation of a disability.

24. Wilmington Trust shall retain all records required by the paragraph above and shall make them available to the EEOC for production, copying and/or inspection promptly as required by law or court order for the term of this Decree. Nothing in this Decree shall alter Defendant's independent obligation to retain records pursuant to 29 C.F.R. § 1602.14.

25. When this Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Defendant.

## VIII. DISPUTE RESOLUTION

26. If any party to the Decree believes that the other party has failed to comply with any provision(s) of the Decree, the former (the "complaining party") shall notify the latter (the "complained-of party") of the alleged non-compliance and shall afford the complained-of party fourteen (14) days to remedy the alleged non-compliance or otherwise satisfy the complaining party that it is in compliance. If the complained-of party has not remedied the alleged non-compliance or otherwise satisfied the complaining party that it is in compliance within fourteen (14) days, the complaining party may apply to the Court for relief, including modification of this Decree or other relief that the Court determines to be appropriate. If the EEOC determines that it is necessary in order to avoid or remedy imminent harm to the public interest, the EEOC may apply to the Court for relief in fewer than fourteen days.

## IX. EXPIRATION

27. The Decree will expire by its own terms at the end of the Term, without further action by the Parties or the Court, unless the term of this Decree has been extended by written amendment, or by other order of the Court, provided, however, that if, at the end of the term of the Decree, any dispute remains unresolved, the Term of the Decree shall be automatically extended until such time as all such disputes have been resolved.

28. The parties agree not to dispute the Court's jurisdiction to enforce this Decree or any other order of the Court that may be entered to effectuate it.

29. Upon entry of this Decree by the Court, this case may be administratively closed but will not be dismissed.

## X. COSTS

30. Each party shall bear its own expenses, attorneys' fees, and costs.


APPROVED IN FORM AND CONTENT:

FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

_s/ Jeffrey Burstein_

JEFFREY BURSTEIN
Regional Attorney

RAECHEL ADAMS
Supervisory Trial Attorney

LIANE TAI RICE
Trial Attorney

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
Tel: (212) 336-3690
Fax: (212) 336-3623
Email: liane.rice@eeoc.gov

FOR DEFENDANT WILMINGTON TRUST CORPORATION:

WILMINGTON TRUST CORPORATION
One M&T Plaza
Buffalo, NY 14203

_s/ Tyree P. Jones, Jr._
TYREE P. JONES, JR.
Partner

REED SMITH LLP
1301 K Street NW
Suite 1100 – East Tower
Washington, D.C. 20005
Tel: (202) 414-9296

Fax: (202) 414-9299
tpjones@reedsmith.com

SO ORDERED, ADJUDGED AND DECREED this 19th day of December, 2018.

_____
United States District Judge

**EXHIBIT A FILED UNDER SEAL**

## EXHIBIT B



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
New York Direct Dial: (212) 336-3620
FAX (212) 336-3625
Website: www.eeoc.gov

### NOTICE TO EMPLOYEES OF WILMINGTON TRUST CORPORATION

1. This **NOTICE** is being posted and provided as part of a mutually agreed upon Consent Decree between **Wilmington Trust Corporation** ("Wilmington Trust") and the **Equal Employment Opportunity Commission** (the "EEOC") in Civil Action No. 17-cv-05077 (S.D.N.Y.). The **EEOC** alleged that **Wilmington Trust**, was liable as a successor corporation for certain violations of Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), committed by **Hudson City Savings Bank** ("HCSB"), prior to HCSB's merger into Wilmington Trust effective November 1, 2015 (the "Action"). Specifically, the EEOC alleged that HCSB denied qualified individuals with disabilities reasonable accommodations, and that HCSB placed qualified individuals with disabilities on involuntary leave and/or discharged them because of disability. Wilmington Trust denies that it engaged in any of the alleged practices of HCSB following its acquisition of HCSB on November 1, 2015. **Wilmington Trust** and the **EEOC** voluntarily entered into the Decree to resolve these allegations, without the Court making any findings of fact or conclusions of law. As part of the Decree, **Wilmington Trust** is posting this Notice to disclaim **HCSB's** policies and practices and to reflect **Wilmington Trust's** commitment to ensure equal employment opportunity for individuals with disabilities working at **Wilmington Trust**.

2. **Wilmington Trust** policy and Federal Law prohibit discrimination in any phase of employment based upon disability, the need for a reasonable accommodation of disability, sex, race, color, religion, national origin, age (40 years and over), or genetic information with respect to hiring, assignment, pay, hours, leave, promotion, recruitment, admission, training, dismissal, or any other terms, conditions, or privileges of employment. **Wilmington Trust** will comply with such Federal law in all aspects, and it will not retaliate against employees because they have exercised their rights under the law by filing any complaint of discrimination or cooperating with the **EEOC** or by otherwise opposing employment practices made unlawful under federal law, including requesting accommodation of disability.

3. **Wilmington Trust** policy provides that **Wilmington Trust** will engage in an individualized, interactive process with any employee or job applicant who notifies it of a disability or disabling condition, whether temporary or otherwise, or who requests a reasonable accommodation for such a condition, to identify a reasonable accommodation that will enable her/him to perform the essential functions of her/his position and/or to enjoy equal benefits and privileges of employment as are enjoyed by its other similarly situated employees without disabilities, as required by applicable law.

4. As part of this Decree, and in accordance with **Wilmington Trust** policy, **Wilmington Trust** has designated Arthur Salman, Group Vice President, M&T Bank, Human Resources, Sr. Employee Relations Manager, One M&T Plaza, Buffalo, NY 14203, to ensure **Wilmington Trust's** compliance with the Decree, to oversee investigation and resolution of all reports of discrimination by **HCSB**, and to ensure equal opportunity for all employees.

5. The **EEOC** is the federal agency responsible for enforcing the federal laws described above and receiving complaints regarding their violation and maintains offices throughout the United States. Should you have any questions concerning the Consent Decree or compliance with its terms, or would like to complain about discrimination or retaliation, you may contact:

    U.S. Equal Employment Opportunity Commission (EEOC)
    New York District Office
    33 Whitehall Street, 11th Floor
    New York, New York 10004-2112
    Phone Numbers: (212) 336-3620 or (800) 669-4000; TTY: (800) 669-6820
    Website: http://www.eeoc.gov/

Dated: _____

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for two (2) years from the date shown above and must not be altered, defaced, or covered by any other material.